Turley, J.
delivered the opinion of the court.
The defendant, Samuel B. Marshall, was marshal of the U. *230 States for West Tennessee, and the other defendants were his sureties for the faithful performance of his duties. The complainant, McNairy, was the clerk of the Federal Court, at Nashville, and the other complainant, Hay, was his deputy, doing the business of the office, and entitled, by contract, to receive the fees. As such deputy Hay would often receive the marshal’s fees, and Marshall collected on executions the fees of Hay. The consequence of this was, that an unsettled account was kept open between them for a long time. But in March, 1839, they came to a settlement, and it was found that the marshal was indebted to Hay, for fees of his collected by him, in the sum of $2,260 15, of which sum about $800 was shortly afterwards paid; and this bill is filed to enforce the payment of the balance, and all other cost due, for which defendants are liable.
The sureties resist a decree against them, upon the alledged ground, that Hay has so conducted himself about the transaction as to release them. This consists, as urged by them, in the fact, that Hay permitted the marshal to return executions satisfied, without the payment of his costs, and that he entered on the execution docket satisfaction for costs in a great many judgments, which he is now seeking to collect from them: whereby they were mislead and have been injured, if they have them now to pay. The executions which were permitted by Hay to be returned without his fees being paid, were those returnable to the March term, 1840, of the Federal Court, and the agreement is in the words and figures following, to wit:
“March 1st, 1840. The executions returnable to the present term may be returned so far as the clerk’s fees are concerned, as a final settlement will take place between Col. Marshall and myself in few days; I mean, they may be returned without the money being paid in.
P. HAY.”
Now this agreement could by no possibility do any injury to the securities; it could not mislead them; it is no satisfaction of the executions; was not intended to be so; was no contract for delay of payment, but 'merely a postponement till an early settlement, which was contemplated.
*231 The settlement took place, and, as is satisfactorily proven, when it did take place, it was the understanding of Hay and Marshall, that whatever balance might be found due, was to be forthwith paid. Therefore, as the execution docket was examined for the purpose of ascertaining the cost, satisfaction was entered, in each separate case, in order to avoid going over them again after the balance was ascertained. This is the way, satisfaction for the bills of cost was entered upon the docket.
After the settlement was made, and Marshall’s indebtedness was ascertained, he retired without paying the amount of his indebtedness, or any portion thereof. Hay neglected to go over the docket again and cross the receipts, but permitted them to stand.
Any attempt on the part of Marshall to enforce the receipts would be a direct fraud, for they were not fairly obtained, and no money has been paid upon them.
Neither can the sureties avail themselves of them, for the same reasons; and moreover, it does not appear that they have been injured by them. They alledge, that it made them less astute in securing themselves from loss. But this attempted defence is too vague and illusory to prevent a recovery against them.
The decree of the Chancellor will, therefore, be affirmed. And the Clerk and Master will report what amount of fees, due Hay, have been collected by Marshall, and for which the defendants, his sureties, are responsible.